**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jeffrey Darnell YATES, Defendant–
Appellant.**

No. 02–6273.

United States Court of Appeals,
Sixth Circuit.

Jan. 23, 2004.

**158**

Charles P. Wisdom, Jr., Ron L. Walker, Jr., Asst. U.S. Attorneys, Lexington, KY, for Plaintiff–Appellee.

Derek G. Gordon, Anggelis & Gordon, Lexington, KY, for Defendant–Appellant.

Before MARTIN, RYAN, and MOORE, Circuit Judges.

### ORDER

This is a direct appeal from a criminal judgment and commitment order. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Jeffrey Darnell Yates was found guilty by a jury of possessing precursor materials used in the manufacture of methamphetamine, in violation of 21 U.S.C. § 843(a)(6) and (d)(2), and of possessing methamphetamine, in violation of 21 U.S.C. § 844(a). The district court sentenced Yates to a combined twenty-two months incarceration and a three-year period of supervised release. This appeal followed.

Counsel for Yates argues on appeal that the evidence is insufficient to support either of the two counts of conviction. This court's task, in this context, is to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Credibility issues must be resolved in favor of the verdict, *United States v. Salgado,* 250 F.3d 438, 446 (6th Cir.), *cert. denied,* 534 U.S. 916, 122 S.Ct. 263, 151 L.Ed.2d 192, *and cert. denied,* 534 U.S. 936, 122 S.Ct. 306, 151 L.Ed.2d 228 (2001), and one claiming insufficiency of the evidence bears a heavy burden. *United States v. Warwick,* 167 F.3d 965, 971 (6th Cir.1999). Circumstantial evidence standing alone may sustain a criminal conviction and the evidence need not preclude every reasonable hypothesis save that of guilt. *Id.*

The evidence adduced at trial, construed in a light most favorable to the prosecution on the two counts of conviction only, reflects the following: On January 19, 2002, West Liberty, Kentucky, police officers obtained a search warrant for Yates's motel room after receiving a tip from a store clerk that someone matching Yates's description, and driving a vehicle registered to Yates, was purchasing large quantities of pseudoephedrine pills. The officers found the aforementioned pills in the room, some lithium batteries in his truck, and a quantity of methamphetamine in a pair of Yates's pants. Lithium batteries and pseudoephedrine are precursor materials in the manufacture of methamphetamine. Yates voluntarily spoke with the officers after the search. Yates told the officers that he did not know that it was illegal to possess pseudoephedrine pills and that he intended to take them to his home and sell them to his neighbor for a profit. Yates acknowledged that he had deliberately packaged one thousand pills to a bag because he thought that his potential buyers wanted them packaged in that fashion.

Yates contended that he was buying the pills in a plan to expose neighboring methamphetamine manufacturers, in statements that were consistent with his public authority defense, but he admitted that no law enforcement agent directed him to purchase the materials.

On January 28, 2002, Yates appeared at the Lexington, Kentucky, offices of the Drug Enforcement Administration in an effort to obtain his wife's release from custody. Yates spoke with two agents and produced, unbidden, a quantity of methamphetamine for the agents' consideration.

The jury heard the preceding testimony and found Yates guilty of two counts of the indictment, Counts Five and Seven. Count Five was the charge that Yates possessed precursor materials for the manufacture of methamphetamine on January 19 and 20, 2002. Count Seven charged Yates with the possession of a detectable amount of methamphetamine, also on January 19 and 20, 2002. The judgment and commitment order references January 20, 2002, as the offense date for each count of conviction. The jury acquitted Yates of charges that he was an active participant in a conspiracy, or that he possessed methamphetamine on January 28, 2002.

On appeal, counsel for Yates brings two assignments of error. Counsel first argues that there is insufficient evidence to support the conviction for Count Five, as Yates's active role as an informant negated the mens rea for this crime.

Count Five is a violation of 21 U.S.C. § 843(a)(6). To convict a person of a § 843(a)(6) violation, the government must prove: 1) that the defendant possessed chemicals, products, materials or equipment which could have been used to manufacture a controlled substance, and 2) that at the time of such possession, the defendant knew, intended or had reasonable cause to believe that the items would be used in the manufacture of a controlled substance. 21 U.S.C. § 843(a)(6). Counsel for Yates contends that Yates's public authority defense, that is, his self-styled role as an unauthorized yet "proactive" informer for the police, negates the intent element of § 843(a)(6). The evidence of record shows, however, and Yates's own counsel does not dispute, that Yates had no objective reason to think that he was authorized to act as an agent/informant for Kentucky law enforcement officials in procuring precursor materials for the making of methamphetamine. Both the pseudoephedrine and the lithium batteries found in the January 20, 2002, search of Yates's motel room and vehicle qualify as precursor materials in this context. The jury was entitled to consider the plain meaning of the testimony in this regard, that is, Yates was acting on his own to procure methamphetamine precursor materials for resale at a profit and for that purpose alone. This count of conviction is supported by sufficient evidence.

Counsel for Yates also argues that the conviction for Count Seven is not supported by sufficient evidence, namely, the same alleged lack of intent as raised in the preceding issue. Count Seven is a conviction for simple possession of a detectable amount of methamphetamine, in violation of 21 U.S.C. § 844(a). The focus of counsel's claim is that Count Seven was based on Yates's appearing at Lexington on January 28, 2002, with a quantity of methamphetamine. A review of the indictment and judgment reveals, however, that Count Seven was addressed to the possession of an unspecified quantity of methamphetamine on January 20, 2002. On that date, West Liberty police officers found a detectable quantity of methamphetamine in a pair of Yates's pants in his motel room. Yates did not deny that the meth-

amphetamine was his; he merely stated that he forget that the methamphetamine was in that particular pair of pants. In any event, the fact of possession, and the complete absence of any objective police authorization for the possession of the methamphetamine, supports this count of conviction. There are no other errors apparent or alleged. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed.